May Term,
1840.

CLAWSON
v.
DOE.

CLAWSON v. DOE, on the Demise of MOORE and WIFE.

Ejectment. The defendant had purchased the premises for a valuable con-
sideration of one of the lessors, who was a female and under age. The
grantor afterwards married the other lessor. The defendant had been in
possession of the premises, under his purchase, for several years after the
marriage, and after the grantor's majority, with the acquiescence of her-
self and husband. *Held*, that if the lessors might, under the circumstances,
avoid the conveyance, still, unless notice of their intention to do so had
been given to the defendant, the suit could not be sustained.

Saturday,
May 30.

ERROR to the *Rush* Circuit Court.

SULLIVAN, J.—Ejectment. The facts of this case are, that
on the 4th of *November*, 1833, *Rebecca Ross* then being sole
and unmarried, but now the wife of *Moore*, one of the lessors
of the plaintiff, conveyed by deed of general warranty to the
plaintiff in error, *Clawson*, for a valuable consideration, all
her right and title to the premises in question. At the time
of the conveyance she was an infant. *Clawson* entered upon
the premises, and remained until the commencement of this
suit in the quiet and uninterrupted possession of them. The
present suit was brought by the said *Rebecca* and her husband
to recover the land so conveyed, on the ground that the con-
veyance by her during her minority was a void act. On the
trial in the Circuit Court, the defendant asked the Court to
give the following instructions to the jury, viz. If the plain-
tiff's lessors have never demanded possession of the land, or
given any notice to the defendant of their dissent to the con-
veyance, although the said *Rebecca* was an infant when she
made it, they should find for the defendant. 2. That plain-
tiff's lessors, before bringing the suit, should have given
notice to the defendant of their intention to avoid the sale.
The Court refused the instructions. Verdict and judgment
for the plaintiff.

The action of ejectment is an action of trespass, and the
defendant is always regarded by the plaintiff as a trespasser.
Hence, where an individual is in the possession of land with
the permission or acquiescence of the owner, a suit cannot
be sustained against him for the possession without a notice
to quit, or until there be a demand of possession and a re-
fusal, or until he be guilty of some other act which will make

him a wrongdoer. And this rule applies whether the defen- <span>May Term, 1840.</span>
dant be in possession under a contract of sale, or as a tenant.
*Doe ex dem. Miller* v. *Noden*, 2 Esp. Rep. 530.—*Doe ex dem.* <span>YANDES</span>
*Newby* v..*Jackson*, 1 B. & Cress. 448.—*Right ex dem. Lewis* <span>v.</span>
v. *Beard*, 13 East, 210.—*Denn ex dem. Brune* v. *Rawlins*, <span>PATTERSON.</span>
10 East, 261.—*Taylor* v. *M'Crackin*, 2 Blackf. 260.—1
Chitt. Gen. Pr. 571.

In the present case, the defendant was a *bona fide* pur-
chaser of the premises for a valuable consideration. The
purchase was made, it is true, and possession taken, during
the minority of the grantor, but the purchaser has remained
in the possession of the property for the period of five years
after she arrived at maturity, with the acquiescence of her-
self and husband. Having been so put into possession, and
having continued there with their consent, we do not see that
he has been guilty of any act which can make him a tres-
passer. The conveyances of infants are either void or voida-
ble. Their executory contracts are said to be void, their
executed contracts, voidable. Until the defendant was no-
tified of the intention of the lessors of the plaintiff, to avoid
the conveyance, he might rightfully continue in possession of
the land. Whether in disaffirming the contract and avoiding
the deed, (if it can be avoided,) *Moore* and wife should not
refund the purchase-money, need not now be decided. The
Court erred in refusing the instructions asked, and the judg-
ment must be reversed.

*Per Curiam.*—The judgment is reversed, and the verdict
set aside, at the costs of the relators. Cause remanded, &c.

*C. B. Smith*, for the plaintiff.
*C. H. Test* for the defendant.