# Indiana Union Traction Company *v.* Maher, by Next Friend.

[No. 21,888.  Filed October 4, 1911.]

1  Contracts.—*Infants.—Disaffirmance.—Interurban Railroads.—Settlements.—Answer.—Reply.*—In an action for personal injuries, an answer of settlement by check being filed, a reply that the plaintiff is a minor, that she received nothing of value by reason of such check and that such check was tendered back prior to the filing of her complaint, and was brought into court for defendant, sufficiently shows a disaffirmance.  p. 291.

2.  Carriers.— *Railroads.— Interurban.— Collision.— Negligence.— Instructions.*—In an action against an interurban railroad company, the complaint alleging that defendant failed to furnish sufficient car service, that it ran its cars so close together that it was dangerous to passengers, that the passengers were not informed of the dangers, and that the car on which plaintiff was riding was stopped in a cut on a sharp curve, causing the next car to collide with it, an instruction that where more than one act of negligence is alleged, "either of which is sufficient to base a recovery upon, it is not necessary in order for the plaintiff to recover, to prove all the several charges of negligence, but a recovery may be had upon either charge, which is sufficiently supported by the evidence," is not prejudicial nor misleading.  p. 292.

3.  Carriers.— *Passengers.— Interurban Railroads.— Collisions.— Negligence.—Presumptions.*—The collision of two of defendant interurban railroad company's cars, resulting in an injury to a passenger, raises a presumption of defendant's negligence.  p. 294.

4.  Carriers.—*Collision.—Presumptions.—Instructions.*—In an action by a passenger against an interurban railroad company for

a personal injury, an instruction that if plaintiff was injured "by an accident arising from a collision of the car upon which she was being carried, with another car on its railroad, without fault on her part * * * the legal presumption is" that defendant's negligence caused such injury, and that "the burden of overcoming this presumption * * * is upon the defendant," when considered with other instructions correctly stating that the plaintiff's complaint must be supported by a preponderance of the evidence, is not misleading. p. 295.

5. CONTRACTS. — *Infants.* — *Avoidance.* — *Evidence.* — *Instructions.* —In an action by an infant for personal injuries, an instruction that her contract of settlement was void, was not prejudicial to defendant, where the uncontradicted evidence showed that she received a check in settlement, that she tendered it back to defendant before filing her action and that she tendered it back in open court with her reply to the answer of settlement. p. 295.

6. CARRIERS.—*Interurban Railroads.*—*Running Cars in Close Proximity.*—*Duty to Warn Passengers.*—In an action by a passenger for personal injuries, an instruction that "if the car is run in an unusual manner, or cars are run in unusual proximity to each other, and a danger arises therefrom, which does not ordinarily exist, it is the company's duty to warn passengers of such danger in case time and opportunity exist to give such warning before an injury occurs," fairly leaves to the jury the question whether warning was necessary and whether there was an opportunity to give it. p. 296.

7. CARRIERS.—*Interurban Railroads.*—*Injuries.*—*Burden of Proof.* —In an action by a passenger for injuries sustained in a collision between two of defendant's cars, an instruction that if plaintiff, without her fault, was injured by a collision, the presumption is that the collision and injury resulted from some negligent act or omission of defendant, and that the burden is on defendant to show that such injury could not have been avoided by the use of the highest practicable care, is not open to the objection that the burden was placed upon defendant to overcome the presumption of both negligence and injury, defendant's contention being that the injuries were caused by attending parties and by dancing. p. 297.

From Howard Circuit Court; *James F. Elliott,* Judge.

Action by Alice Maher, by her next friend, against the Indiana Union Traction Company. From a judgment on a verdict for plaintiff for $550, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*J. A. Van Osdol, Kittinger & Diven* and *Blacklidge, Wolf & Barnes,* for appellant.

*Overson & Manning* and *Kirkpatrick & Morrison,* for appellee.

MYERS, J.—This cause was transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590, and is an action by appellee for personal injuries. The alleged errors are the overruling of appellant's demurrer to the second paragraph of reply and the overruling of the motion for a new trial.

The complaint alleges that on September 3, 1906, appellant negligently permitted a car to collide from the rear with a car upon which appellee, who was seventeen years old, was a passenger. There was an answer in general denial, and a special paragraph alleging settlement by written agreement, signed by appellee, and her father and mother, and payment of $15 on September 11, 1906. Appellee replied by general denial, and by a second paragraph alleging that on September 11, 1906, and at the time of filing her complaint, she was and that she is now under the age of twenty-one years; that on January —, 1907, she tendered appellant said check enumerated in defendant's second paragraph of answer; that she did not receive any money or thing of value, by reason of the execution of said check, and did not indorse said check; that said tender was made prior to the filing of her complaint, and that appellee has ever since held said check for said appellant and subject to its control, and hereby brings said check into court for appellant. The question is that of disaffirmance by a minor.

The case nearest in point is *St. Louis, etc., R. Co.* v. *Higgins* (1884), 44 Ark. 293, where it was held that a reply of minority to avoid an answer of settlement and payment for personal injuries, where the money had been retained, was sufficient, and that the bringing of the suit was an unequivocal disaffirmance, and this will be found to have been held in a number of cases cited in the note to *Craig* v. *Van*

*Bebber* (1890), 18 Am. St. 569, 667, to which we add the case of *Englebert* v. *Troxell* (1894), 40 Neb. 195, 58 N. W. 852, 26 L. R. A. 177, 42 Am. St. 665, and cases cited.

In the cases of *Clawson* v. *Doe* (1840), 5 Blackf. 300, *Doe* v. *Abernathy* (1845), 7 Blackf. 442, and *Law* v. *Long* (1873), 41 Ind. 586, it was held that at common law the commencement of an action was not a disaffirmance, referring to executed contracts, and that there must be notice or some affirmative act evincing an intention to disaffirm. These cases grew out of actions in respect to real estate, or some interest therein, when the law was that one out of possession could not convey, and the cases cited in the note just referred to support the doctrine that the tender in this case, coupled with the suit, is a sufficient disaffirmance.

In 2 Page, Contracts §886, the modern rule is stated to be "that no set form of disaffirmance is necessary, but that the infant's intention to disaffirm together with any conduct on his part which makes this intention clear constitutes a sufficient disaffirmance." So to an answer of settlement and "payment by check," it is sufficient, to constitute disaffirmance, to reply minority, and the nonpresentment and nonpayment, and tender of the check, coupled with a suit brought.

By the third instruction the jury was informed that "where there is more than one charge of negligence in a complaint, either of which is sufficient to base a recovery upon, it is not necessary, in order that the plaintiff may recover, to prove all the several charges of negligence, but a recovery may be had upon either charge sufficiently supported by the evidence. So if the evidence in this case should establish a liability on the part of the defendant, as to either of the particular charges of negligence, a recovery may be had upon the charge which is supported by the evidence." The objection urged to this instruction is, that by the use of the words "either of which is sufficient to base a recovery upon," the court invaded the province of

the jury, and instructed it that the charges made against appellant constituted negligence, when the question of what constituted negligence is for the jury. It is also urged that the words, "which is sufficiently supported by the evidence," informed the jury that if the facts are as recited in the complaint, negligence is proved, and that the remainder of the instruction invaded the province of the jury in telling it that the facts recited in the complaint constituted negligence, and relieved it from determining that question.

The negligence charged in the complaint is that defendant wholly failed and neglected to provide sufficient car service for the safe and comfortable transportation of its traffic and passengers, and carelessly and negligently ran its overcrowded cars in such proximity to each other as to be dangerous to its passengers; that, because the mechanism became out of order on the car on which appellee was a passenger, the car was stopped near the north end of a sharp curve, which was cut through an embankment thirty feet deep, and on a down-grade to the north; that plaintiff and the passengers on the car were not informed of the nature or extent of the injury to the car, or why it became stationary; that plaintiff and the passengers were not requested by the agents and employes of defendant then in charge of the car to leave it, and that plaintiff and the other passengers in the car remained seated therein during the time the car remained stationary, and until the collision occurred; that the car while so stopped was being followed by a heavy, rapidly-moving car, and that defendant and its agents carelessly and negligently failed and refused to give proper warning, or set any signal, in order that a car approaching from the south might be apprised of the presence upon defendant's track of said stationary car, and left the car wholly unguarded from collision by approaching cars, whereby, without warning to plaintiff, or the passengers on the stationary car, and without slackening or checking speed, the following car, running at a high and dangerous rate of

speed, collided with the car on which plaintiff was carried, by reason of which she was thrown to the floor and injured; that the injuries were caused by the carelessness, recklessness and negligence of defendant in running its said cars in close and dangerous proximity to each other, in heavily overcrowding them, and in failing to place any warning or signal at a proper distance from the disabled stationary car, in order to give warning of its presence. In one part of the complaint it is alleged that appellee was standing, and in another, that she was seated, when the collision occurred; but the evidence shows that she was standing, and was thrown to the floor of the car. The alleged overcrowded condition of the car is not pleaded as a proximate cause of the injury, and to characterize the overcrowded condition of the car as negligence was of no force, except the fact that appellee was standing, for want of a place to be seated, was an incident that possibly increased the injury. It was not an allegation of independent negligence, but of dependent and concurring negligence, and while the instruction is possibly subject to criticism, owing to its failure to point out the specific actionable negligence charged, yet we do not think the jury could have been misled by it, under the facts in this case, where the collision is unquestioned, and the proximate cause of injury was clearly the failure to provide warning or signals, and the overcrowded condition of the car could be of no consequence, except as it increased the severity of the injury, for no injury arose from that condition, as a proximate

3. cause. The collision was sufficient to raise a presumption of negligence. *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 16 L. R. A. (N. S.) 527; *Pittsburgh, etc., R. Co.* v. *Higgs* (1906), 165 Ind. 694, 4 L. R. A. (N. S.) 1081; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360; *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533; *Louisville, etc., R. Co.* v. *Hendricks* (1891), 128 Ind. 462; *Louisville, etc., R. Co.* v. *Taylor* (1890), 126 Ind. 126; *Louis-*

*ville, etc., R. Co.* v. *Thompson* (1886), 107 Ind. 442, 57 Am. Rep. 120.

So that while negligence, among other things, is alleged in overcrowding the cars, so that appellee had to stand, there is no evidence that the overcrowded condition of the car caused the collision or the injury.

In another instruction the jury was informed that if it found that appellee was injured "by an accident arising from a collision of the car, on which she was being carried, with another car on its railroad, without fault on her part, as charged in the complaint, then the legal presumption is that the collision occurred, and the injuries to the plaintiff, if any, were sustained, as the result of some negligent act or omission of the defendant, and the burden of overcoming this presumption of negligence arising from the evidence of the occurrence of such collision and injury, if any, is upon defendant." Another instruction covered the requirement that the material allegations of the complaint must be proved by appellee by a fair preponderance of the evidence. Taking the instructions together, the jury could not have been misled, nor could it have understood that the mere fact that the car was overcrowded created actionable negligence, or that the negligence relied on need not be proved.

Instruction four, after setting out the substance of the answer and reply, informs the jury that if appellee was a minor she was not bound by the agreement; the jury, in effect, was told that the agreement is void, without any qualifications or reference to the subject of disaffirmance, while the law clearly is that it was voidable. The evidence was that the check had been tendered back before the suit was brought, and that nothing had been received on account of it or the agreement, and that it was brought into court with the filing of the reply, for the benefit of appellant. The instruction under the evidence could not harm appellant,

because it could mean no more than that the agreement under the facts shown was not binding upon appellee, and might be repudiated, and as we have held, that the tender of the check and the bringing suit was a sufficient disaffirmance, appellant was not harmed by the instruction.

The sixth instruction was as follows: "A corporation operating a line of interurban electric railroad, and carrying passengers for hire, extends to every person, paying the stipulated fare, an invitation to go upon its cars and be carried, and such company undertakes that its tracks, cars and appurtenances are reasonably safe for the purpose of carrying passengers. If the car is run in an unusual manner, or cars are run in unusual proximity to each other, and a danger arises therefrom which does not ordinarily exist, it is the company's duty to warn passengers of such danger, in case time and opportunity exist to give such warning before an injury occurs. A passenger has the right to presume, in the absence of knowledge or warning to the contrary, that all necessary precautions have been and will be taken for his safe transportation. If a danger arises of which the passengers are ignorant, they should be notified so that they may take steps to avoid it in case time and opportunity exist before the accident occurs." The objection urged to this instruction is that it informs the jury that if cars are run in unusual proximity, and a danger arises therefrom, it is the duty of the railroad company to warn passengers of the danger before an injury occurs; but this statement is qualified by the language used, that if danger arises from thus running the cars, and by the phrase, "in case time and opportunity exist" to do so. This instruction fairly leaves it to the jury to determine whether the circumstances were such as to require warning, and whether there was an opportunity to give it. It involves the question whether danger was reasonably to be apprehended in running cars in unusual proximity, and whether they were so run, and if there was such danger, and appellee was ignorant of it, there

was a legal duty to give warning, if there was an opportunity to do so. *Citizens St. R. Co.* v. *Hoffbauer* (1900), 23 Ind. App. 614.

In the case of *Indianapolis, etc., R. Co.* v. *Horst* (1876), 93 U. S. 291, 23 L. Ed. 898, it is said: " 'The highest degree of carefulness and diligence is expressly exacted.' [*New York Cent. R. Co.* v. *Lockwood* (1873), 17 Wall. 357, 21 L. Ed. 627.] * * * The standard of duty should be according to the consequences that may ensue from carelessness." The question whether it was negligence, under the circumstances shown, to fail to give warning, was fairly left to the jury.

Objection is made to the seventh instruction, which charges, in effect, that if appellee without fault on her part, was injured by a collision, the presumption is that the collision and injury resulted from some negligent act or omission of defendant, and in order to overcome that presumption it would be necessary for it to prove that the collision could not have been avoided by the exercise of the highest practicable care and diligence on its part. The specific objections are that the jury is instructed that if appellee was injured, the injuries were the result of appellant's negligence, and that the burden was upon appellant to overcome the presumption of both negligence and injury, the claim being made that appellee's injuries were caused from attending parties and by dancing. The instruction is not fairly open to these objections. The occurrence of the collision, and the consequent injuries to appellee therefrom, are coupled together, which necessarily must concur, in order that the negligent act shall give rise to a cause of action.

The evidence was fully heard on the question whether the claims for damages arose from the accident, or from attending parties or from dancing, and the amount of the judgment indicates that the jury was careful in restricting the recovery to the injuries arising directly from the accident.

We find no error in the record, and the judgment is affirmed.