FAME LAUNDRY COMPANY v. HENRY.

[No. 24,567. Filed July 2, 1924. Rehearing denied December 9, 1924.]

1. NEGLIGENCE.—*Contributory Negligence.*—*When Must be Negatived.*—*Statute.*—A complaint to recover damages resulting from the negligence of the defendant was not defective because of failure to negative contributory negligence of the plaintiff where the recovery was sought only for personal injuries, although the complaint alleged that, at the time of the injury, the plaintiff was the owner of a bicycle which was destroyed and that his clothing was torn, since the statute (§362 Burns 1914, Acts 1899 p. 58) provides that in actions for personal injuries, contributory negligence of the plaintiff shall be a matter of defense. p. 457.

2. MASTER AND SERVANT.—*Negligence of Servant.*—*Within Scope of Employment.*—In an action against a laundry company for personal injuries to plaintiff, an allegation in the complaint that one of defendant's delivery automobiles ran over the plaintiff, and that it was in the possession and control of and driven by one of defendant's servants, sufficiently avers that the driver of the automobile was acting within the scope of his employment by the defendant. p. 458.

3. APPEAL.—*Review.*—*Instructions.*—*Exceptions Taken at Following Term.*—*Statute.*—Objections to instructions given by the trial court will not be reviewed on appeal where the exceptions were not taken until the following term, §561 Burns 1914 requiring that exceptions to instructions shall be taken during the term. p. 460.

4. APPEAL.—*Review.*—*Admission of Evidence.*—*Objection too General.*—In an action for personal injuries, caused by defendant's automobile truck being run over the plaintiff, an objection to a question propounded to a witness relative to a statement made by the driver of the truck that "it would not be binding on defendant company" was too indefinite and general to present any question as to the admissibility of the evidence, as objections to the admissibility of evidence must state fully and definitely the grounds of the objections. p. 460.

5. APPEAL.— *Admissibility of Evidence.*— *Objections.*— Objections to the admissibility of evidence not made in the trial court will not be considered on appeal. p. 460.

6. MOTOR VEHICLES.—*Negligence in Operation.—Servant of Owner.—Evidence Necessary.*—In an action for injuries by the defendant's automobile while being driven by another, a judgment for the plaintiff cannot be sustained where there was no evidence that the driver was employed by the defendant or was engaged, at the time, in its business. p. 461.

7. APPEAL.—*Sufficiency of Evidence.—Correct Result Reached.* —An appellate tribunal cannot say that a correct result has been reached when a verdict for the plaintiff has been rendered without any evidence to sustain a material averment of the complaint, without which, the complaint would be insufficient on demurrer for want of facts. p. 462.

From Boone Circuit Court; *W. H. Parr,* Judge.

Action by Bernard Henry, by his next friend, Edward Henry, against the Fame Laundry Company of Indiana. From a judgment for plaintiff, the defendant appeals. (Transferred to the Supreme Court under §1394 Burns 1914.) *Reversed.*

*Roy W. Adney, William Featherngill* and *Ivory J. Drybread,* for appellant.

*Albert G. Otto,* for appellee.

WILLOUGHBY, J.—An action was brought by the appellee by his next friend against appellant to recover damages for personal injuries alleged to have been suffered by plaintiff on account of a collision with one of defendant's delivery trucks.

The action was begun by the filing of the complaint in one paragraph, to which the defendant filed a motion to make more specific, which motion was sustained, and the plaintiff filed an amended complaint. To this amended complaint, the defendant filed its demurrer, which was overruled by the court and the defendant answered by general denial. Afterward the plaintiff filed what is designated as the second paragraph of complaint, to which defendant filed its answer in general denial. The cause was submitted to the jury for trial

and the jury returned a verdict in favor of the plaintiff for the sum of $750. Judgment was rendered on the verdict, from which this appeal is taken.

The errors assigned are:  (1) The trial court erred in overruling appellant's demurrer to the complaint. (2) The trial court erred in overruling appellant's motion for a new trial.

The amended complaint, omitting the caption and signature, is substantially as follows:

"The plaintiff, Bernard Henry, suing by his next friend, Edward Henry, in his amended complaint complains of the defendant in the above entitled cause of action and says:

"That the defendant, the Fame Laundry Company of Indiana, is a corporation organized and doing business under and by virtue of the laws of the State of Indiana, and as such is engaged in the laundry business in the city of Indianapolis, Indiana.

"That the defendant, in order to carry on its business and to collect and deliver parcels and packages of laundry in and around, over and in the immediate vicinity of the city of Indianapolis, uses a number of automobiles that are thus operated and in charge of its servants, employees and agents and that during the month of August, 1918, the defendant had in its employment a certain number of drivers and chauffeurs to run and operate its automobiles in connection with its laundry business.

"Plaintiff says that on or about the twenty-eighth day of August, 1918,  *  *  *  as he was riding his bicycle along, over and upon Harding Street in the afternoon of said day, while it was yet full daylight, at a reasonable rate of speed, he was obliged to pass a load of garden truck that had driven so close to the curb on the right side of the street that this plaintiff was obliged in passing said load of truck to turn out

to the left, that before he had passed said load of truck, a boy companion, who had preceded him, called out to him to look out, and not knowing what the danger was and having no time to look, he ran his bicycle to the extreme other side of the street, next to the curb; that just as he reached or was about to reach that part of the street, one of the defendant's servants, employees, agents, operators, or chauffeurs, having in his possession and under his control and driving one of the defendant's automobiles, came up behind this plaintiff while he was riding his bicycle and without plaintiff hearing or knowing that anyone was behind him in any kind of an automobile, and that the defendant did without any warning and with a careless and negligent disregard of other persons on the street, carelessly failed to notice and failed to see this plaintiff and carelessly failed to give any warning to this plaintiff, and while running at an unusual high rate of speed, carelessly, and negligently failed to give warning to or to see this plaintiff and carelessly and negligently ran defendant's automobile over, onto and upon this plaintiff and over plaintiff's bicycle, greatly injured this plaintiff, * * * and from such injuries plaintiff has not recovered.

"Plaintiff says that by reason of the defendant's carelessness and negligence in running the automobile at a high rate of speed, carelessly failing to look ahead to see where the automobile was going and failing to give any warning to this plaintiff, that he was injured; that his arm was broken, a large gash was inflicted over his eye, that his legs, arms, head, eye, face and body were greatly injured; that his hip was injured and he has been obliged to engage the services of a physician at a great outlay of money, that he has already paid for such medical services more than ten dollars and is even now under the care of a physician;

that he was obliged to be confined to his bed for several days; that his arm was placed in splints for more than six weeks and that his arms, legs and body were bruised and were black and blue for a long time; that he has lost much valuable time and has suffered and still suffers much pain and mental anguish, all to his damage in the sum of one thousand dollars.

"Plaintiff says that Harding street, where the injury occurred, is a smooth street and sufficiently wide for the defendant to have passed plaintiff in safety had he used ordinary care and had exercised the use of his eyesight he could not have failed to have seen the plaintiff and avoided injuring him. Wherefore plaintiff sues and demands one thousand dollars damages, costs of this action, and for all other proper relief in the premises."

The defendant demurred to the amended complaint alleging that it did not state facts sufficient to constitute a cause of action. It appears from the memorandum filed with such demurrer that the defendant pointed out as an objection to said complaint that it was a suit to recover damages for injury to personal property and that the complaint did not allege that the plaintiff was free from contributory negligence. There is no merit in this objection, for the reason that said amended complaint did not seek to recover damages for injury to personal property, but sought damages on account of personal injuries, which plaintiff alleges he received by reason of the negligent conduct of the defendant. It is true that the complaint alleges that the plaintiff was the owner of a very fine bicycle and that it was in fair and good condition and that by the collision with defendant's delivery truck, plaintiff's bicycle was destroyed, that his clothing was torn, but no claim for damages is made for such injury in the complaint. That part of the

complaint in which damages are asked says that the plaintiff was injured, describing his injuries; that his legs, arms, head, eyes, face and body were greatly injured; that he was obliged to engage the services of a physician; that he has paid out for such services the sum of $10; that he was confined to his bed for several days; that his arm was placed in splints more than six weeks; that his arms and back were black and blue and he has suffered and still suffers much pain and mental anguish, concluding with a demand for $1,000 in damages. This damage is claimed solely on account of the alleged personal injuries of plaintiff, therefore, the provision of §362 Burns 1914, Acts 1899 p. 58, prevails. In that statute, it is provided that contributory negligence on the part of the plaintiff or such other person shall be a matter of defense and such defense may be proved under the answer of general denial.

The defendant further claims that the facts stated in said amended complaint affirmatively show contributory negligence on the part of the plaintiff. A description of his injuries and the manner of their infliction is set out in full in the amended complaint and we find nothing therein which would warrant such conclusion of the defendant.

It is argued by the defendant that it does not appear by the allegations in the complaint that the driver of the automobile was acting within the scope of any employment by the defendant. Huddy, Automobiles (3rd ed.) §281, p. 307, says: "That where an automobile is operated by a person employed for that purpose, it will be presumed that he is acting within the scope of his authority and about his employer's business; * * * As to whether the chauffeur is acting within the scope of his employment, the rule is laid down that where a servant who is employed for the special purpose of operating an automobile for

the master, is found operating it in the usual manner such machines are operated, the presumption naturally arises that he is running the machine in the master's services. If he is not so running it this fact is peculiarly within the knowledge of the master, and the burden is on him to overthrow this presumption by evidence which the law presumes he is in possession of." *Long* v. *Nute* (1907), 123 Mo. App. 204, 100 S. W. 511; *Moon* v. *Matthews* (1910), 227 Pa. St. 488, 76 Atl. 219, 29 L. R. A. (N. S.) 856, 136 Am. St. 902; *Guinney* v. *Hand* (1893), 153 Pa. St. 404, 26 Atl. 20. In the complaint, it is alleged that the defendant was engaged in the laundry business in the city of Indianapolis, Indiana. That in order to carry on its business and to collect and deliver parcels and packages of laundry in and around, over and in the immediate vicinity of, the city of Indianapolis, it used a number of automobiles that were thus operated and in charge of its servants, employees, and agents and that during the month of August, 1918, the defendant had in its employment a certain number of drivers and chauffeurs to run and operate its automobiles in connection with its laundry business; that one of defendant's servants, employees, agents, operators and chauffeurs having in his possession and under his control and driving one of the said automobiles came up behind this plaintiff and while he was riding his bicycle and without plaintiff hearing or knowing that anyone was behind him in any kind of an automobile, and that the defendant did, without any warning and with a careless and negligent disregard of other persons on the street, carelessly fail to notice and failed to see this plaintiff, and carelessly failed to give any warning to this plaintiff, and while running at an unusual high rate of speed, carelessly and negligently failed to give warning or to see this plaintiff and carelessly and negligently ran defendant's automo-

bile over, onto and upon this plaintiff, etc.   The allegation is specific that it was one of defendant's automobiles that was run over the plaintiff, and that it was in the possession and control and was driven by one of the defendant's servants, employees, agents, operators or chauffeurs.   The amended complaint is not open to the objections urged against it, and no error was committed by the court in overruling the demurrer thereto.

No objection was made to the second paragraph of complaint.   However, it may be stated that it contained all the material allegations of the amended complaint herein.

It is argued by the appellant that certain instructions given by the court were erroneous, but there is no question before the court on the instructions. It 3. appears from the record that the instructions were given to the jury on March 8, 1920, that being the fifty-fifth judicial day of the January term, 1920, but that such instructions were made a part of the record without a bill of exceptions on March 25, 1920, being the seventieth judicial day of the January term, 1920; that there were no exceptions taken to such instructions or any one of them until April 5, 1920, which was the first day of the April term of said court. The exceptions taken by appellant to the instructions were not taken in time, and such instructions cannot be considered on appeal.   See §561 Burns 1914, Acts 1907 p. 652; *Speck* v. *Kenoyer* (1905), 164 Ind. 431; *Strong* v. *Ross* (1905), 36 Ind. App. 174; *Baker* v. *Gowland* (1906), 37 Ind. App. 364.

The tenth paragraph in appellant's motion for a new trial is as follows:   "The court erred in permitting the witness, Carrie Henry, over the objection of the 4, 5. defendant to answer the following question, propounded to her by the plaintiff on direct exam-

ination, relative to the conversation of a driver of the automobile, in the doctor's office some time after the accident: "What, if anything, did he (the driver) say?" To which the witness answered: "He says to me, I think, I am through with automobiles now, I never saw the boy. He said he saw the one chap but didn't see the other one." An examination of the record shows that the only objection made to this question was that the same "is and would not be binding on the defendant company." The objection was too indefinite, uncertain and general to present any question as to the admissibility of the evidence. When objections are made to the admission of evidence the grounds of the objection must be fully and definitely stated. *Indianapolis Traction, etc., Co.* v. *Howard* (1920), 190 Ind. 97; *Underhill* v. *State* (1921), 190 Ind. 558; *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434. An entirely different objection to the question is urged by appellant in this court, but it is well settled that objections to the admission of evidence not made in the court below will not be considered on appeal. *Musser* v. *State* (1901), 157 Ind. 423; *Underhill* v. *State, supra.*

It is further contended that the verdict is not sustained by sufficient evidence and is contrary to law.

6. It is alleged in the complaint that "the automobile was in the possession and control and was driven by one of the defendant's servants, employees, agents, operators or chauffeurs." This is a material allegation. Is there any evidence to sustain it? It is clear from the evidence that the automobile was the property of the defendant Fame Laundry Company. It was being driven by one George Barker, and two other persons were in the automobile with him. The evidence shows that the latter were in no way connected with appellant's business. As to the driver, the evidence shows nothing to connect him with appellant's

business except that the car he was driving belonged to the appellant.

There are some authorities holding that where the plaintiff has suffered injury from the negligent management of a vehicle, it is sufficient *prima facie* evidence that the negligence is imputable to the defendant when it is shown that he was the owner of the vehicle without even proving affirmatively that the person in charge is the defendant's servant. *Virch* v. *Abercrombie* (1913), 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59; *Burger* v. *Taxicab Motor Co.* (1912), 66 Wash. 676, 120 Pac. 519; *Kneff* v. *Sanford* (1911), 63 Wash. 503, 115 Pac. 1040.

We are not in accord with the above decisions and do not think they are sustained by the weight of authority. We think the rule laid down by Huddy, Automobiles (3d ed.) §281, p. 307, set out in this opinion in the discussion of the demurrer to the complaint, is the correct one and is sustained by the weight of authority. See, also, *White Oak Coal Co.* v. *Rivoux* (1913), 88 Ohio St. 18, 102 N. E. 302, 46 L. R. A. (N. S.) 1091, Ann. Cas. 1914C 1082; *Lotz* v. *Hanlon* (1907), 217 Pa. 339, 66 Atl. 525, 10 L. R. A. (N. S.) 202, 118 Am. St. 922, 10 Ann. Cas. 731.

In the present case, there is no evidence that the driver of the automobile was in the employ of the appellant Fame Laundry Company in any capacity, nor that he was engaged in the collection or delivery of packages for the laundry company or in any way engaged in the transaction of appellant's business.

Appellee says that a judgment will not be reversed where the case has been fairly tried and a correct result reached, citing §700 Burns 1914, §658 R. S. 1881. This court cannot say that a case has been fairly tried and a correct result reached when a verdict for the plaintiff has been rendered with-

out any evidence to sustain a material averment in the complaint, when the omission of such averment would make the complaint insufficient to withstand a demurrer for want of facts. The verdict is not sustained by sufficient evidence and is contrary to law.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.