MARION HARDING, Complainant vs. EZRA B. SKOLFIELD.

Penobscot.    Opinion October 7, 1926.

*A release by a minor complainant, standing alone, is not a bar to an action under Chap. 102, R. S., to compel the father of the illegitimate child to contribute to its support and maintenance unless it appears that the minor complainant was represented by a next friend, and that such settlement was approved by the court, or affirmed by an entry or judgment.*

In the instant case by statute in force when the accusation of July 27, 1912 was made the Trustees of Juvenile Institutions had, and now have, all the powers of a guardian as to the person, property, earnings and education of a girl committed to their charge, during the term of her commitment, and all the powers which parents have over their children.  As guardian they may appear for and represent the minor in all legal proceedings unless another is appointed for that purpose as guardian or next friend, and may compound and give discharges of the minor's dues on such terms as the Judge of Probate authorizes; having the authority of a parent, the board can act as next friend.

The present record is insufficient to enable the court to pass upon the rights of the parties advisedly.  It contains no statement of the proceedings in court upon the accusation of July 27, 1912, nor of the disposition of that case.  These are material facts which the court cannot supply.

The statute contemplates that the Justice presiding at nisi prius, not the Law Court, shall render or refuse judgment of filiation; and if entered, fix the amount of payments by defendant, and the amounts of the bonds given to plaintiff and to the town liable for the maintenance of the child, and approve the sureties thereon.

On report.    On July 27, 1912, the complainant in this action, then Marion C. Snell and a minor, made an accusation against the defendant under R. S., Chap. 102, and two hundred dollars was paid by defendant to complainant and a release given by complainant to defendant from all claims under said accusation, and a release was also given to defendant by the trustees of the State School for Girls, where the complainant at that time was an inmate.    On June 6, 1924 the complainant again accused the respondent of the same act

for which the money had been paid and releases given twelve years before. Report discharged, case remanded to Superior Court of Penobscot County.

The case is fully stated in the opinion.

*Gillin & Gillin*, for complainant.

*Fellows & Fellows*, for defendant.


SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ. MORRILL, A. R. J.

MORRILL, A. R. J.    These proceedings under R. S., Chap. 102, instituted by a non-resident, who is described as "formerly Marion Snell, of Bangor, in said County (of Penobscot), now of Boston, Massachusetts," are reported to this court from the Superior Court Penobscot County, for determination upon an agreed statement of facts.    The complaint in the instant case is dated June 6, 1924, and alleges that the child, a boy now thirteen years of age, was begotten on or about April 13, 1912, and was born January 17, 1913.

The defendant, not denying that he is the father of the child, relies upon an alleged settlement of a former accusation dated July 27, 1912, containing the same charges, and presents as evidence of such settlement the following receipts which bear date prior to the birth of the child:

"Old Town, Maine, November 5, 1912.

"Received of E. B. Skolfield of Lisbon Falls in the County of Androscoggin and State of Maine, by hand of W. H. Newell, the sum of Two Hundred Dollars, being in full payment of all claims of Marion Snell now pending against said E. B. Skolfield.    It is agreed that a formal release of said Marion Snell shall be obtained and furnished to said Skolfield.

(sd.) W. H. WATERHOUSE.
Committee upon the above claim duly authorized to act for the Board of Trustees of Juvenile Institutions of Maine."

"For a valuable consideration to me paid, the receipt whereof is hereby acknowledged, I, Marion C. Snell, do hereby release Ezra B. Skolfield from all claims, actions and demands whatsoever, and particularly from all claims under a certain accusation signed by me and bearing the date of July 27, 1912.

"Bangor, Maine, November 26, 1912.

(Sd.) MARION C. SNELL.

"In the presence of
    W. H. WATERHOUSE."

It is admitted that at the date of said alleged settlement and at the time she signed the above writing purporting to release the defendant, "the complainant was a minor of the age of seventeen years; that at the time of settlement of said accusation and at the time said releases were given in settlement thereof, the said complainant was living as an inmate of the State School for Girls, that W. H. Waterhouse was a member of the Board of Trustees, and that said Waterhouse in taking part in the settlement of said accusation thereunto was duly authorized by the Board of Trustees acting as such a board, and the acts of said W. H. Waterhouse as a representative of said Board were approved and confirmed by said Board of Trustees acting as a board as aforesaid."

It appears in the case that the alleged settlement was made by Mr. Waterhouse with the attorney then acting for the defendant; that he received the money paid in settlement, and obtained from the plaintiff the writing bearing her signature. It does not appear that, except as may be inferred from the writing, the plaintiff received any part of the two hundred dollars.

The release by plaintiff, standing alone, constitutes no bar to this action. The view of the statute recognized and adopted by this court in *Roy* v. *Poulin*, 105 Maine, 411 is, "that the statute converts an existing moral obligation of the father into a legal obligation, enforceable like any other legal obligation upon the obligor if within the jurisdiction." It is settled beyond question that infants may avoid any contract or agreement to surrender or release their rights, for which they are entitled to an equivalent; because it is a presump-

tion of law; that infants have not sufficient discretion to put a just value on their property or rights. *Baker* v. *Lovett*, 6 Mass., 78, 14 R. C. L., 228, Title Infants, Sec. 13. Note to *Craig* v. *Van Bibber*, 100 Mo., 584, in 18 Amer. St. Rep., 618. Note to *Indiana Union Traction Co.* v. *Maher*, 176 Ind., 289, in Ann. Cas., 1914 A., 997. And the statute of limitations is no bar to the prosecution. *Keniston* v. *Rowe*, 16 Maine, 38. *Wheelwright* v. *Greer*, 10 Allen, 389.

The statute, indeed, authorizes the mother, although a minor, to make the complaint, and in *Low* v. *Mitchell*, 18 Maine, 372, this court said: "It is competent for the legislature to authorize minors to prosecute, and to enable them to do all acts necessary for that purpose;" but no statute has been called to our attention authorizing a minor to adjust such a proceeding and release the putative father by an agreement made out of court. That proceedings under Chapter 102 are civil actions is too well settled to be now questioned, *Easton* v. *Eaton*, 112 Maine, 106, and upon the authority of that case, citing apparently with approval *Hinman* v. *Taylor*, 2 Conn., 357, it may be that, although the proceeding may be instituted by a minor, upon entry of the complaint in court the plaintiff, if a minor, should be represented by a guardian or next friend, as a respondent, if a minor, must be represented by guardian. We have no occasion, however, upon the present record to decide that precise question. But we perceive no reason why the same care and supervision which the law exercises over a settlement of other civil actions in which minors are plaintiffs, should not be exercised in bastardy proceedings. We, therefore, hold that before such settlement can be regarded as valid it must appear that the minor complainant was represented by a next friend, and that such settlement was approved by the court, or affirmed by an entry or judgment, as provided in R. S., Chap. 72, Sec. 31. The incapacity of an unfortunate minor to put a just value on her right to receive from the putative father of her child suitable aid in its support is quite as apparent, as her incapacity to properly appraise her damages in cases of personal injury.

By the statute then in force the Trustees of Juvenile Institutions had, and now have, all the powers of a guardian as to the person, property, earnings and education of a girl committed to their charge, during the term of her commitment, and all the powers which parents have over their children. R. S., Chap. 144, Sec. 21. As guardian they may appear for and represent the minor in all legal proceedings

unless another is appointed for that purpose as guardian or next friend, and may compound and give discharges of the minor's dues "on such terms as the judge authorizes," (R. S., Chap. 72, Sec. 17) meaning the Judge of Probate. Having the authority of a parent, the board can act as next friend.

It is apparent that the present record is insufficient to enable the court to pass upon the rights of the parties advisedly. It contains no statement of the proceedings in court upon the accusation of July 27, 1912; process issued thereon was returnable to the next term of the Supreme Judicial or Superior Court for the county in which the mother resided, and would stand continued until after the birth of the child. R. S., 1903, Chap. 99, Secs. 3, 4. We have no information as to the disposition of the former case. Plainly the record is silent as to material facts which the court cannot supply. For want of such facts supporting the alleged settlement, we might be warranted by the terms of the report in ordering a judgment of filiation; but the case must be remanded in any event if such judgment is ordered. The statute contemplates that the Justice presiding at nisi prius, not the Law Court, shall render or refuse such judgment, and, if entered, fix the amount of payments by defendant, and the amounts of the bonds given to plaintiff and to the town liable for the maintenance of the child, and approve the sureties thereon. Then upon exceptions, the case will be in order for final disposal in the Law Court.

We, therefore, think it best to discharge the report and remand the case for trial in the court below.

*Report discharged.*
*Case remanded to the Superior Court*
*of Penobscot County.*