BOJRAB *v.* B. AND B. SAND AND GRAVEL COMPANY.

[No. 12,679. Filed May 1, 1927. Rehearing denied October 6, 1927. Transfer denied December 6, 1927.]

1. MASTER AND SERVANT.—*Defendant entitled to directed verdict where no evidence that driver of motor truck which caused plaintiff's injuries was defendant's servant.*—In an action against a corporation for personal injuries alleged to have resulted from the negligent operation of a motor truck by a corporate employee, the defendant was entitled to a directed

Bojrab *v.* B. & B. Sand, etc., Co.—86 Ind. App. 556.

verdict where there was no evidence that the driver of the truck was employed by or acting for the defendant at the time of the injury. p. 558.

2. AUTOMOBILES.—*Presumption as to driver of car being servant of owner.*—In this state, no presumption arises that the driver of another's automobile is a servant of the owner of the car. p. 558.

From Allen Superior Court; *Charles J. Ryan,* Judge.

Action by Albert Bojrab against the B. and B. Sand and Gravel Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Henslee & Fuller* and *A. E. Gordon,* for appellant.

*Henry W. Muller* and *Eggeman, Reed & McClelland,* for appellee.

THOMPSON, J.—Appellant brought this action to recover damages from appellee for injuries received through the alleged negligent operation of a motor truck.

The complaint alleges, in substance: That appellant, who is a minor seven years of age, while crossing a street on a cross-walk in a closely built up business section of Fort Wayne, Indiana, was struck and injured by a motor truck which was being carelessly and negligently driven at a dangerous and excessive rate of speed by an employee of appellee; that appellee's driver negligently failed to keep a look-out, and that he carelessly and negligently failed to seasonably warn appellant of the approach of said motor truck or to stop said truck or reduce its speed or to divert its course so as to avoid striking appellant.

There was a trial by jury, and, at the close of the evidence, the court, on motion of appellee and over the objection of appellant, instructed the jury to return a verdict in favor of appellee, and judgment was rendered on said verdict.

The direction of a verdict for appellee and the over-

ruling of appellant's motion for a new trial are the alleged errors relied upon for a reversal.

The sole question for decision in this case is whether or not appellant introduced sufficient evidence to prove each material allegation in his complaint.   If so, 1, 2. the court erred in giving a peremptory instruction in favor of appellee.   If, however, there was not sufficient evidence to sustain a finding for appellant, then the court did not err in giving this instruction.   We have carefully read and considered the evidence in the record, and we find no evidence whatever to prove that the driver of the truck was in the employ of the appellee, or that he was then acting for and driving said truck on business for the owner thereof.   While there are authorities cited by appellant to the effect that where *the evidence shows that* a person is driving an automobile of another, the inference may be drawn that he is a servant of the owner, this rule has never been adopted in this state.   The precise question involved in this case has been decided in the following cases:  *Fame Laundry Co.* v. *Henry* (1924), 195 Ind. 453, 144 N. E. 545; *Premier Motor Mfg. Co.* v. *Tilford* (1916), 61 Ind. App. 164, 111 N. E. 645.   On the authority of these cases, the judgment is affirmed.

Dausman, J., absent.