EVANSVILLE CITY COACH LINES, INC. v. ATHERTON.

[No. 19,313. Filed January 24, 1962. Rehearing denied March 6, 1962. Transfer denied May 2, 1962.]

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellant.

*Sydney L. Berger,* of Evansville, and *Ford Gale Lacey,* of Boonville, for appellee.

PFAFF, J.—Appellee brought this action to recover damages for personal injuries allegedly sustained by her when she was allegedly thrown down the steps of a bus owned and operated by appellant.

The amended complaint averred in substance that appellee was a passenger for hire on a Heidelbach bus on or about the 1st day of September, 1955; that when said bus stopped to permit appellee to alight, and as she was in the process of alighting, appellant carelessly and negligently started said bus in motion throwing her down the steps, out of the bus onto the concrete pavement and, as a result thereof, she suffered serious personal injuries. Appellant answered under the rules. The cause was tried to a jury which returned a verdict in favor of appellee against appellant in the sum of $7,000.00. Judgment went accordingly.

Appellant timely filed its motion for a new trial which was overruled by the trial court. The only error assigned here is the overruling of the motion for a new trial. The motion contains 117 specifications and, with supporting affidavits, takes up more than 50 pages of appellant's brief and 47 pages of the transcript. We will discuss the pertinent specifications not waived in the order presented by appellant's argument.

Appellant first presents, under Rule 2-17e, specifications 1 and 2, 54 and 55 of its motion charging the verdict is not sustained by sufficient evidence, is contrary to law, and that the court erred in refusing to give its tendered instruction directing the jury to return a verdict in its favor.

Appellant contends there was a total failure of the evidence or any reasonable inference to establish that the bus, which it owned and upon which appellee was riding as a passenger, was being operated by a servant of appellant acting within the scope of his employment at the time and place of the accident in controversy. It asserts that there was never any identification of the driver by the appellee or by any other witness. Appellant further contends that the evidence offered by it indicated the fact that none of its drivers who had ever operated on the run in question had ever had an accident such as was described by the appellee.

The evidence in the record favorable to appellee tends to show that on September 1, 1955, appellee boarded the Heidelbach bus of appellant on Main Street in the City of Evansville on a route over which appellant made trips at regular intervals. She paid her fare to the bus driver whose name she did not know. She was injured when she started to alight from

the bus at the intersection of Main and Missouri Streets in said city. She had used this service for many years and knew appellant owned and operated the bus line in question. Appellant's own witness told of other instances of passengers who were caught when the bus operator closed the door too quickly.

The cases of *Fame Laundry Co.* v. *Henry* (1924), 195 Ind. 453, 144 N. E. 545, and *Bojrab* v. *B. & B. Sand, etc., Co.* (1927), 86 Ind. App. 556, 156 N. E. 519, relied upon by appellant, did not involve a public carrier carrying passengers for hire over a regular established route and are not pertinent to the question here presented.

We know of no authority which, under the circumstances shown by the record herein, holds that unless the operator of the public carrier is personally identified as an employee of the common carrier a passenger injured by the negligence of the operator of its vehicle cannot recover. Yet, that is what this contention of appellant says in effect. We cannot subscribe to such a harsh rule. In our opinion the evidence was sufficient to sustain the verdict of the jury which was not contrary to law, and the appellant's motion and request for a peremptory instruction was properly overruled.

Appellant next refers to specifications 104 and 105 of its motion for a new trial which charge the court erred in giving appellee's tendered instructions Nos. 2 and 4. These instructions are as follows:

### "Instruction No. 2

"I instruct you that the defendant, Evansville City Coach Lines, has admitted that it is a common carrier of passengers for hire. I further instruct you that the defendant, Evansville City Coach Lines, Inc., as a common carrier of passengers for hire, owes to such passengers a duty

to exercise reasonable care in safely carrying them, under all the surrounding circumstances.

"Instruction No. 4

"Negligence is the failure or neglect of a person or corporation to use reasonable care for the safety of another, when the circumstances existing between the parties are such as to impose a duty to use reasonable care to avoid injury to the other. So, if you find from a preponderance of the evidence in this case that on September 1, 1955, the plaintiff, Carrie Atherton, was being carried as a passenger on a bus operated by the defendant which is a common carrier transporting passengers for hire, I instruct you that the defendant, Evansville City Coach Lines, Incorporated, owed to the plaintiff, Carrie Atherton, a duty to use reasonable care to avoid injuring her, and any failure by the defendants to use reasonable care for plaintiff's safety would be negligence."

Appellant objected to said instruction No. 2 on the ground, in substance, that it submitted to the jury an issue not pleaded by appellee in that there was no general averment of negligence in the complaint and no charge in the complaint that appellant failed to carry appellee safely but that said complaint was limited to one specific act of negligence, viz: that appellant carelessly and negligently started the bus in motion throwing appellee down the steps and onto the concrete pavement and, therefore, the instruction went beyond the issues and evidence. Further, that insofar as this case is concerned, appellant is under no obligation to be an insurer of its passengers or to exercise reasonable care in safely carrying passengers under all the surrounding circumstances.

In general, appellant's objection to said instruction No. 4 was of similar tenor as the above with reference to instruction No. 2 and, additionally, that instruction No. 4 states an abstract principle of law.

The heart of appellant's objection is that, since the duty of appellant to use reasonable care to avoid injuring appellee extended, under the allegations of the complaint, only to the exercise of such care while she was in the act of alighting from the bus, said instructions and particularly instruction No. 4 held appellant to the broad duty of exercising reasonable care toward appellee as a passenger, so that under said instructions the jury could have found for appellee even if it found appellee was hurt as the result of some act of appellant other than the starting of the bus while she was alighting therefrom.

It is axiomatic, of course, that instructions claimed to be erroneous are harmless and will not cause a reversal where the interests of the complaining party have not been prejudiced thereby (2 West's Indiana Law Encyclopedia, *Appeals*, §627), and the determination of whether such prejudice resulted must be made on the record under review. *Hoesel* v. *Cain; Kahler* v. *Cain* (1944), 222 Ind. 330, 53 N. E. 2d 165. Now, here, the appellant's argument on the immediate question proceeds upon the assumption that under said instructions the jury would have been warranted in finding appellant negligent if it concluded that appellant was guilty of one or more of the following acts: (a) Failure to assist appellee to alight; (b) closing the doors on appellee; (c) failure to stop properly in relation to the curb; (d) failure to assist appellee if she fell off the bus or render first aid; (e) mismanagement of the conveyance; (f) incompetency of driver or defective condition of the doors or steps. However, appellant does not aver or state that there was any evidence showing the commission by appellant of any

of said acts referred to nor have we found any such evidence.

If, then, it be assumed for purpose of discussion, that said non-mandatory instructions Nos. 2 and 4 were on an issue not presented by the evidence, the same resulted in no prejudice to the appellant. In *DeHaven* v. *Helvie, by Next Friend* (1890), 126 Ind. 82, 84, 25 N. E. 874, it is said: "Where it can be said that an instruction which is not applicable to any evidence in the case resulted in no prejudice to the appellant, a reversal will not follow . . ." See also *Hoesel* v. *Cain; Kahler* v. *Cain, supra; King's Indiana Billiard Co.* v. *Winters* (1952), 123 Ind. App. 110, 126, 106 N. E. 2d 713; *Indiana Union Traction Co.* v. *Maher* (1911), 176 Ind. 289, 295, 95 N. E. 1012. The initial point of inquiry in determining whether erroneous instructions are prejudicial is whether the jury was misled. Appellant does not contend nor do we perceive that the instructions complained of tended in any way to mislead the jury or that the jury was misled thereby. Furthermore, the trial court gave at least seven of appellant's tendered instructions, namely Nos. 4, 6, 7, 8, 9, 13 and 17, all to the effect that, in order for appellee to recover, she must prove appellant was guilty of the act of negligence charged in her complaint and that she was injured as a direct and sole result of such negligence. We find no error by the court in the giving of said challenged instructions Nos. 2 and 4.

Appellant next combines specifications 106 and 107 of its motion for a new trial which charge that the trial court erred in giving appellee's tendered instructions Nos. 7 and 9. These instructions are as follows:

"Instruction No. 7

"The court instructs you that if an employee of a common carrier for hire, such as the defendant Evansville City Coach Lines, Incorporated, while operating a bus of such common carrier, fails to discharge its duty to its passengers to exercise reasonable care when about to start said bus to see that no person was then alighting from said bus and in such position that injury might be reasonably expected if such bus were then started, the common carrier would be liable for such negligence on the part of its employee if performed within the scope of his employment in the operation of said bus, and the negligence of such employee would be imputed to the common carrier and would be actionable negligence on the part of the common carrier.

"Instruction No. 9

"I instruct you that the defendant has admitted that it was at the time of the accident set forth in plaintiff's complaint, a common carrier of passengers for hire. As such, it was under a duty to each of its passengers to exercise reasonable care when about to start any of its buses, to see that no person was then getting off from said bus and in such position that injury might be reasonably expected if the bus were then started.

"I further instruct you that failure on the part of the defendant to perform said duty is negligence for which it is liable."

We cannot agree with appellant's contention that these instructions imposed upon it "as a common law duty, the obligation to see that no person was alighting from the bus and in a position when such person might be injured if the bus was started."

This court in the case of *Public Utilities Co.* v. *Whitehead* (1923), 78 Ind. App. 85, 86, said: "It was their duty to exercise reasonable care, when about to start said car, to see that no person was then alight-

ing from said car and in such a position that injury might be reasonably expected, if such car were then started."

Further, the appellant is in no position to complain about the giving of these instructions. The trial court gave appellant's tendered instruction No. 13 which is as follows:

"Before the plaintiff is entitled to recover in this action she must establish by a preponderance of the evidence that at the time and place in question the bus upon which she was riding was started in motion while she was leaving the bus and before she had alighted resulting in the injuries of which she complains, *and that the driver of said bus knew or saw or in the exercise of reasonable care should have known or seen that the plaintiff was in the act of leaving said bus at the time when it was started in motion.*" (Our emphasis).

In our opinion there is a striking analogy between this instruction tendered by appellant and appellee's instructions Nos. 7 and 9. Under the rule announced in the cases of *Koeneman* v. *Aldridge* (1955), 125 Ind. App. 176, 122 N. E. 2d 345, and *Western & Southern Ind. Co.* v. *Newman* (1937), 103 Ind. App. 544, 7 N. E. 2d 64, we hold that the trial court did not err in giving the last mentioned instruction.

Finally, appellant combines for argument specifications 115, 116 and 117 of its motion for a new trial. These specifications charge appellee's counsel was guilty of prejudicial misconduct because in his argument to the jury he suggested a mathematical formula of $2.00 per day for the computation of damages for appellee's pain and suffering who, as the result of injuries received, sustained a partial permanent disability.

To sustain this contention appellant relies upon and quotes at great length from the decision of the Supreme Court of New Jersey in the case of *Botta* v. *Brunner* (1958), 26 N. J. 82, 138 A. 2d 713. This is the minority view, and the overwhelming weight of authority upholds counsel's right to suggest to the jury in argument an amount on a per diem basis for pain and suffering and permanent injuries as was done here. *Imperial Oil, Limited* v. *Drlik* (1956), 234 F. 2d 4, 352 U. S. 941; *Haycock* v. *Christie* (1957), 249 F. 2d 501; *Clark* v. *Hudson* (1957), 265 Ala. 630, 93 So. 2d 138; *McLaney* v. *Turner* (1958), 267 Ala. 588, 104 So. 2d 315; *Ratner* v. *Arrington* (1959), 111 So. 2d 82; *Aetna Oil Co.* v. *Metcalf* (1944), 298 Ky. 706, 183 S. W. 2d 637; *Boutang* v. *Twin City Motor Bus Co.* (1956), 248 Minn. 240, 80 N. W. 2d 30; *Flaherty* v. *Minneapolis & St. Louis Ry. Co.* (1958), 251 Minn. 345, 87 N. W. 2d 633; *Haley* v. *Hockey* (1950), 103 N. Y. S. 2d 717, 199 Misc. 512; *Four-County Elec. P. Assn.* v. *Clardy* (1954), 221 Miss. 403, 73 So. 2d 144, 44 A. L. R. 2d 1191; *Arnold et al.* v. *Ellis* (1957), 231 Miss. 757, 97 S. 2d 744; *A. B. C. Storage & Moving Co.* v. *Herron* (1940), 138 S. W. 2d 211; *J. D. Wright & Son Truck Line* v. *Chandler* (1950), 231 S. W. 2d 786; *Continental Bus System, Inc.* v. *Toombs* (1959), 325 S. W. 2d 153, 164.

In the case of *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 108 N. E. 2d 57, the Supreme Court specifically held that counsel was authorized to make such argument and further said: "So far as indicated on the chart, *it contained nothing that the attorney was not authorized to discuss and probably did discuss in his argument.*" (Our emphasis).

Subsequently, in the case of *Kindler, etc.* v. *Edwards* (1956), 126 Ind. App. 261, 130 N. E. 2d 491, this

court not only held that such argument was proper but that counsel could use a blackboard containing such computations during his argument to the jury.

Appellee here in her answer brief citing that case, quotes the following from the petition of appellant to transfer that case to the Supreme Court:

"That the opinion of the Appellate Court erroneously decides a new question of law in that said court held it was proper to use a blackboard in argument of plaintiff's counsel to the jury upon which blackboard was set forth the figures representing the pecuniary loss of appellee . . . leading the jury to assume and believe that *such figures* so written by appellee's counsel on said blackboard *were in fact a loss* to her thereby *urging the jury to accept said figures as evidence* in the cause . . ." (Our emphasis).

Thus, the Supreme Court in denying transfer specifically overruled the same contention now made by appellant in the case at bar.

Appellant further contends that this question was not decided by this court in the *Kindler, etc.* v. *Edwards, supra,* case. However, we note that in the *Botta* v. *Brunner, supra,* case relied upon by the appellant, it specifically cites the decision of this court in *Kindler, etc.* v. *Edwards, supra,* as holding directly contrary to its own decision and states that our Indiana Courts "have sanctioned such practice."

While appellant in specification 3 of its motion for a new trial averred "the damages assessed by the jury are excessive," nowhere in the argument portion of its brief is there any discussion of this specification.

Finding no reversible error the judgment is affirmed.

Bierly, Gonas and Kelley, JJ., concur.

Note.—Reported in 179 N. E. 2d 293.