MARTIN GRABOSKI *vs.* NEW CASTLE LEATHER COMPANY, a corporation of the State of Delaware.

*Case—Personal Injuries—Duty of Master and of Servant—Treatment of the Injury—Extent of Master's Liability—Negligence—Damages.*

1. When one person is injured by the negligence of another, the wrong-doer is liable for all the usual and natural effects and results of such injury. It does not avail him to say ,that if the injury had been more speedily or more skilfully treated the actual suffering and results would not have been so great. The question is, not whether the injured person took the wisest counsel or applied the best remedies to the wound, but whether the extent of the injuries complained of was caused by and naturally grew out of the injuries inflicted by the negligence of the wrong-doer. It is the duty of the injured person, however, to use all reasonable care and precaution in effecting a cure.

2. The primary duties of the master defined.

*(July* 2, 1906.)

LORE, C. J., and PENNEWILL, J., sitting.

*Thomas F. Bayard* for plaintiff.

*James W. Ponder* for defendant.

Superior Court, New Castle County, May Term, 1906.

ACTION ON THE CASE (No. 40, September Term, 1905), to recover damages for the loss of a finger alleged to have been occasioned by the negligence of the defendant company. See facts in charge of Court:

LORE, C. J., charging the jury:

Gentlemen of the jury:—Martin Graboski, the plaintiff, complains that on the sixth day of April, 1905, he was in the employment of the New Castle Leather Company, the defendant; that he was ordered by the foreman of his department to work upon a staking machine, as to which he was ignorant, entirely unskilled and untrained; that the floor of the room in which he worked and the platform on which he stood were slippery and unsafe, and that the speed of the machine was changed so as to

make it more dangerous. That by reason of the unsafe place, and the change in the speed of the machine which were caused by the negligence of the defendant company, he slipped upon the floor, fell forward, one hand was caught in the machine and so crushed and injured as to make amputation necessary. For this injury he claims damages in this suit.

The defendant denies that the floor and platform on which the plaintiff stood were unsafe and slippery and that any dangerous change was made in the speed of the machine. It claims that the plaintiff was fully warned as to the danger of the machine, and was carefully instructed in its use. That if there was any negligence in the case it was that of the plaintiff himself.

The law governing this case is well settled. It presents therefore mainly questions of fact for you to determine from the evidence.

Upon request of the parties, however, the Court will instruct you upon certain principles of law which are to govern you in reaching your verdict.

The relation of the parties to this suit at the time of the accident was that of master and servant.

It is the duty of the master to furnish a reasonably safe place in which the servant is to work, and reasonably safe machinery and tools with which to work. They need not be the newest, the latest type or the best; but must be reasonably well adapted to the nature of the business in which they are to to be used.

It is the master's duty to keep such place and tools in reasonably good repair and condition. Where the servant is ignorant of the dangerous character of the machine, of the tools or place, it is the duty of the master to warn and instruct such servant as to the same. If he fails in any of these duties, he is liable for injury resulting therefrom.

The servant in accepting employment, however dangerous, assumes all the ordinary and apparent risks of such employment. If the servant knew of the danger, or by the ordinary use of his senses could have known thereof, he assumes the risk

and may not recover for injuries resulting therefrom. It is the servant's duty also to take all reasonable care and precaution to avoid accident.

When one person is injured by the negligence of another, the wrong-doer is liable for all the usual and natural effects and results of such injury. It does not avail him to say, that if the injury had been more speedily or more skilfully treated, the actual suffering and results would not have been so great. The question is, not whether the injured person took the wisest counsel or advice or applied the best remedies to the wound, but whether the extent of the injuries complained of was caused by and naturally grew out of the injuries inflicted by the negligence of the wrong-doer. One may not escape the consequences of his own misconduct, by showing that the injured man was not as wise or careful in caring for the wounds as he possibly might have been. It is the duty of the injured man however to use all reasonable care and precaution in effecting a cure.

This action is founded upon the negligence of the defendant company. The burden of proving such negligence is upon the plaintiff. If the defendant was not guilty of the negligence which caused the accident, it is not liable. Even if the defendant was guilty of negligence, yet if the plaintiff was also guilty of negligence at the time the accident happened and which entered into the same, the defendant is not liable; as in that case the plaintiff would be guilty of contributory negligence.

Governed by these principles of law, you are to reach your verdict.

If you should find for the plaintiff, it should be for such an amount as will reasonably compensate him for his injuries, including therein his pain and suffering in the past, and such as may result to him in the future therefrom, and also for his lost time and wages, and for any impairment of ability to earn a living in the future arising from such injuries as may be disclosed by the evidence.

Verdict for defendant.