## Aetna Oil Co. v. Metcalf.

Nov. 17, 1944.

Davis, Boehl, Viser & Marcus for appellant.

Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

On the afternoon of May 26, 1942, Edward E. Metcalf, a Lieutenant on the Louisville Police Force, was standing on the south side of Market Street conferring on official business with brother officers seated in a police car. While he was so engaged, a three-quarter inch pipe fell from a passing truck belonging to the Aetna Oil Company which struck him on the back of his head and rendered him unconscious. Metcalf brought suit against the Company to recover $25,000 for his personal injuries and $300 for doctors' and medical bills. The trial resulted in a verdict in his favor for $750 damages and $97.25 to cover his medical expenses. The judge

granted Metcalf a new trial on the ground that the damages allowed by the jury were inadequate.

On a second trial the verdict was for $4000 damages and $109.85 for doctors' bills. Upon the court refusing to substitute the first verdict for the second or to grant a new trial, the Company appealed. The errors assigned are: (1) The trial judge erred in setting aside the first verdict; (2) the second verdict is excessive; (3) the court refused to permit the Company's attorney to argue to the jury the amount of damages it should award plaintiff; (4) the Company was entitled to a directed verdict because Metcalf failed to prove the pipe fell from its truck.

At the time of the accident Metcalf was 53 years of age and had been a member of the Louisville Police Force for 25 years. He had been an alert, energetic, courageous, intelligent and efficient officer. After receiving the injuries he stayed in the hospital only about an hour, was then taken home where he remained for five days, after which he was assigned to a desk job for a week to temporarily relieve a police Captain. After this temporary service he went home for an eight weeks' rest. The Chief of Police and several officers testified that plaintiff was neither mentally nor physically alert and was incapable of attending to his duties on the outside and was given a desk job. It appears from the testimony of these officers that plaintiff is not really capable of attending to the duties of this relatively easy place, but as no pension was available to him he was given this soft berth.

Metcalf testified he was in the best of health before his injuries but that since the accident he suffers from headaches, dizziness and to some extent deafness and a lack of balance in walking or standing. That he is forgetful and has but little memory and is so nervous that at times he cannot sleep and has emotional upsets bordering on hysteria.

Dr. Franklin Jelsma, who specializes in diseases of the nervous system and of the brain, testified that the lick plaintiff received on the back of his head did not fracture his skull but that it did cause a concussion of the brain, also, it bruised the thin membrane with which the brain is enclosed. Dr. Jelsma saw Metcalf six times beginning with June 23, 1942, and ending with September 17, 1943, and it was his opinion that plaintiff's con-

dition had improved, that it would continue to improve, that he did not regard his injuries as permanent, but he could not say that plaintiff would recover in the near future. Dr. Jelsma gave his deposition approximately 17 months after the accident.

Drs. Heman Humphrey and William J. Coyle also testified there was no fracture of the skull, and the former found what he termed a slight concussion of the brain. Neither of them was of the opinion that plaintiff's injuries are serious or permanent. Dr. Coyle seemed to think that plaintiff's condition was largely due to worry over his injury and over the fact he was unable to do his work. While none of the doctors found any objective symptoms and based their findings on subjective symptoms, none of them was of the opinion that plaintiff was malingering.

Our first question is whether or not the damages awarded on the first trial were so inadequate as to justify the judge in setting aside the verdict. In Wilkins v. Hopkins, 278 Ky. 280, 128 S. W. 2d 772, it was pointed out that there is no general rule by which the adequacy or inadequacy of damages can be determined in personal injury cases, and that each case is governed by its own peculiar facts and circumstances. On this subject that opinion quotes at some length from 15 Am. Jur. sec 231, p. 644 and from 17 C. J. sec 397, p. 1089, 25 C. J. S., Damages, sec 196, in the course of which it is written that where the verdict bears no reasonable relation to the loss suffered by plaintiff and there has been an evident failure of justice, the verdict should be set aside as inadequate. There, Wilkins was 76 years of age and the action was for the financial loss to his estate by reason of his death. The verdict was for only $500 and while we thought it small, we could not say it bore no relation to the loss suffered by his estate in the peculiar circumstances there existing and a reversal there was denied. The Wilkins opinion calls attention that the discretion of the trial judge in granting or refusing a new trial will be interfered with only in exceptional cases.

Under the proof adduced on the first trial showing plaintiff suffered a severe lick on the back of his head which caused an injury to his brain which had not cleared up in 17 months, and knowing the seriousness of such injuries and taking into consideration the fact

that Dr. Jelsma testified he could not say when a complete recovery would occur, we do not feel justified in interfering with the discretion of the trial judge in setting aside that verdict because of the inadequacy of the damages awarded.

As the judgment must be reversed and as we do not know what the evidence on a third trial will show Metcalf's condition to be at that time, or what the size of the verdict may be, our opinion as to whether or not the instant verdict of $4000 is excessive can be of no benefit on another trial; therefore, we do not feel called upon to pass on that question.

The instructions, of which no complaint is made in briefs, directed the jury to find for plaintiff and then gave the measure of damages. The bill of exceptions shows that the Company's attorney in his closing argument was about to tell the jury what he thought they should find for plaintiff when the court interrupted him, saying: "Don't mention any amount. The amount is entirely in the discretion of the jury exclusively." The proper exception was taken to this ruling of the court.

We have written that a litigant has a right to be heard by himself and counsel and should this right be denied him, reversible error is committed, provided the error deprives him of an impartial trial. Louisville Woolen Mills v. Kindgen, 191 Ky. 568, 231 S. W. 202; Moss v. Mittel, 253 Ky. 504   69 S. W. 2d 1046; Civil Code of Practice sec. 317, subsec. 6.

Only one question was submitted to the jury—the measure of damages. Practically all of the evidence had been directed to the extent of Metcalf's injuries and when the trial judge refused to let defense counsel argue to the jury what sum would reasonably compensate plaintiff, he in effect deprived counsel of the right to argue the case. It is not contended that defense counsel had not the right to argue the extent of plaintiff's injuries as shown by the evidence. And having this right, it logically follows he could argue what sum in his judgment would reasonably compensate plaintiff for such injuries. Different persons are affected in varying degrees by the same or similar injuries, and a sum which would compensate for one person's pain and suffering caused by a particular injury might not fairly compensate another person for a similar injury.

Therefore, it was reversible error to deny defense counsel the right to argue to the jury the amount of damages to be awarded plaintiff.

Metcalf's counsel relies in brief on the text appearing in 64 C. J. sec. 299, p. 280, and the case of De La Vergne Refrigerating Machine Co. v. Stahl, 24 Tex. Civ. App. 471, 60 S. W. 319. The text gives the various rules on the subject prevailing in the different jurisdictions in this country, and in the notes cites Standard Sanitary Mfg. Co. v. Brian's Adm'r. 224 Ky. 419, 6 S. W. 2d 491, where this court approved an argument of plaintiff's counsel telling the jury that if they did not return a verdict for as much as $12,000, they should find for the defendant. If it is proper for counsel who represents plaintiff to argue the amount of damages, likewise it is proper for defense counsel to do so. Whatever may be the rule in other jurisdictions, this court is committed to the one that counsel may within reasonable limits argue to the jury the amount of damages it should return when that argument is based upon the extent of the injuries the evidence shows the plaintiff has suffered.

On the first trial it was stipulated that at the time of the accident the Company's driver was engaged in its business and was acting within the scope of his authority. On the second trial this stipulation was not put in the record and as there was but scant reference in the testimony that the truck belonged to defendant it is insisted that the court should have sustained defendant's motion for a directed verdict. Much is said in briefs as to whether or not the stipulation made on the first trial was effective on the second trial and both sides rely on 60 C. J. sec 69, p. 80. As this question is not likely to arise on the next trial, it is unnecessary for us to decide it.

As no complaint is made of the instructions, it is unnecessary for us to say whether that part of the instructions was erroneous which told the jury it was immaterial that Metcalf received his regular salary and this fact should not be taken into consideration in fixing his damages.

The judgment is reversed for proceedings consistent with this opinion.

Whole Court sitting.