ERNEST E. HALEY, Plaintiff, *v.* KENNETH E. HOCKEY et al., Doing Business under the Name of STAR CAB COMPANY, Defendants.

Supreme Court, Trial Term, Jefferson County, November 4, 1950.

*Daniel J. Scanlon* for defendants.

*Stanley H. Waite* for plaintiff.

SEARL, J. The motion seeks a new trial (Civ. Prac. Act, § 549). A jury has reported a verdict of $8,000 for plaintiff against the driver and owner of a taxicab.

In addition to the testimony of the plaintiff, two disinterested witnesses testified that plaintiff was struck while crossing Sherman Street upon a crosswalk where plaintiff had the right of way. A finding to the contrary would be against the weight of the evidence.

The only question necessary for this court to consider is whether or not the verdict is excessive. Special damages well in excess of $1,000 were proven. The undisputed testimony is that plaintiff sustained a compound fracture and dislocation of the right ankle, as well as a fracture of both bones of the left leg below the knee. His physician has testified to the permanency of a condition in the right leg which will permanently prevent his doing the type of work he was capable of prior to the accident.

Counsel for defendants objected during the summing up of plaintiff's counsel to the use of certain figures placed upon a blackboard, illustrative of plaintiff's claims for damages. The court caused the figures, so placed, to be erased from the board immediately upon conclusion of the summation and before the jury was charged. In view of the fact that the blackboard has been handily placed for the use of all counsel in Jefferson County, and that both sides have, by well-known custom, used the same for many years, the court cannot find that defendants' rights were prejudiced in this case.

Defendants were afforded the privilege, after proper identification, of exhibiting to the jury a moving picture film which sought to discredit the testimony of the plaintiff as to whether or not he had been upon a ladder since the date of the accident. The plaintiff had been duly identified as the same person whose likeness was portrayed in the film. Plaintiff objected to the exhibition of the film to the jury. After the witness who operated the camera properly identified the film and the plaintiff present in court as the person whose likeness appeared in the film, its portrayal to the jury was proper both as to plaintiff's ability to work and as bearing on his credibility.

The issues have been fairly tried and the jury verdict cannot be disturbed. Motion denied.