**Samuel L. BOWERS, Plaintiff,**

v.

**PENNSYLVANIA RAILROAD COMPA-
NY, Defendant.**

**Civ. A. No. 2073.**

United States District Court
D. Delaware.

Feb. 19, 1960.

James P. D'Angelo, Wilmington, Del., and Charles A. Lord (of Richter, Lord & Levy), Philadelphia, Pa., for plaintiff.

C. W. Berl, Jr., (of Berl, Potter & Anderson), Wilmington, Del., for defendant.

LAYTON, District Judge.

This was an accident case under the F.E.L.A. in which the jury awarded the plaintiff $25,100 damages for injuries suffered on December 30, 1955, in the course of his employment with the defendant. There was strong evidence of original negligence on the part of the defendant's servants and it was clear that the injuries were serious and, for a considerable period of time, acutely painful. The plaintiff, a 42 year old married man with two children, was directing the lifting of a 3,000 lb. piece of machinery which knocked over a similar piece of machinery upon plaintiff. His leg turned black from hip to ankle and swelled badly. He was treated 23 times by the defendant's doctor. On several occasions, a swelling half the size of a football appeared on his leg and had to be lanced, disgorging great quantities of brownish blood. While he continued at his job during this period, he was in considerable pain, was assigned limited work and was permitted to be driven by his wife directly to the building where he worked. It could be reasonably concluded that because of his pain, discomfort and inability to pursue his usual activities that his normal family life was seriously disturbed for at least a substantial period after the accident.

There was evidence from which it could be believed that the plaintiff's pain and suffering decreased towards the latter part of the second year following the accident but his leg remained very painful to touch. Prior to 1959, he was examined by Dr. Taylor who diagnosed a causalgia (a very serious if not fatal condition) as the result of which in August, 1959, he submitted to a major operation known as a sympathectomy. The operating technique consisted of opening the plaintiff from the front, going through all the muscles, tissue, etc., to the spine and cutting the sympathetic nerves. It is a major operation. Plain-

tiff was hospitalized two weeks and there is testimony that six months or more might be required for a full recovery. Hospital costs and actual loss of wages to the time of trial were $2,900. He had not returned to work at the time of trial. It should be mentioned in passing that also as the result of this accident, plaintiff suffered a cut on the forehead which caused some pain due to a nerve injury. This discomfort can be cured by a minor operation. Finally, there was testimony from which a jury could believe that the plaintiff is now suffering from a permanent, herniated disc and that this accident was, at least, a contributing reason for this condition.

The defendant advances three reasons for a new trial. First, it argues that the verdict was excessive. Of course, the defendant thinks it was. The plaintiff, on the contrary, thinks it was too little. My own reaction was that it was not only not shocking but, to the contrary, probably fair. In any event, the verdict falls very far short of a figure which would justify a Court's interference under the generally accepted principles governing excessive verdicts. See Jones v. Atlantic Refining Co., D.C.E.D. Pa., 55 F.Supp. 17; Armit v. Loveland, 3 Cir., 115 F.2d 308, 314.

Secondly, the defendant assigns as error the Court's failure to charge the jury to the effect that the plaintiff had the burden of proving that the accident caused the injuries complained of. The specific request reads, "As to the last of these defendant requests the inclusion of a separate and distinct paragraph charge that plaintiff has the burden of proving that the accident in question, within the realm of reasonable probability, caused the injuries of which plaintiff now complains."

The Court charged:

"To repeat, then, in order to find the defendant liable, you must first find that it was negligent in some one or more of the respects complained of *and that such negligence contributed to or helped to contrib-*

*ute in some degree to plaintiff's injuries."* (My emphasis)

The Court also stated:

"This suit is based upon the Federal Employers Liability Act [45 U.S.C.A. § 51 et seq.] which, insofar as pertinent here, provides in effect that every railroad while engaged in interstate commerce *shall be liable in damages to any employee suffering injuries resulting in whole or in part from the negligence of the railroad * * *."* (My emphasis)

Again, it was charged:

"The mere fact that you may find that the defendant was negligent in one or more of the respects charged would not render the defendant liable unless you should *further find that this negligence contributed, no matter how slightly, to the injuries complained of."* (My emphasis)

In several other parts of the charge this thought was expressed in various ways and it is submitted that an average jury must have realized that it could not award damages for an injury which was not the result of the accident.

But in any event, it is clear from a review of the evidence that there was no issue in the case as to the lack of a causal connection between the negligence and the injuries and that the Court would have been justified in denying the requested charge on this latter ground alone. First, it is admitted that the plaintiff suffered very serious injuries to his leg as the result of a 3,000 lb. field falling practically in his lap. It is admitted that as the result of the same accident, there was a cut over the plaintiff's eye. This leaves for consideration two other types of injuries claimed to have resulted from the accident, (1) the causalgia and (2) the herniated disc.

First, Dr. Taylor testified unequivocally, *and it was not denied by any witness lay or expert,* that the causalgia was the direct result of the accident.[1] Secondly, there is no issue as to whether the accident caused the herniated disc. The issue was whether there was a herniated disc. Dr. Strange said there was *and that to some extent it was the result of the accident.* Dr. Bailey said he could find no evidence of a disc *but he did not say that if there were such a disc it did not result from the accident.*

Not only do I regard the charge as sufficiently clear but in any event, the defendant is precluded from raising the question under the state of the evidence as just reviewed.

The final ground for new trial is not without substance, however. In his final address to the jury, the plaintiff's lawyer, among other things, said this:

"Let me just say this, too: It is awfully difficult to give a jury a guide as to what pain and suffering is. We can't really give you a guide as to what pain and suffering is worth, but we do know this from the evidence: We know that Mr. Bowers, when he was working for the Railroad, got $2.77 an hour. Now, $2.77 an hour is what Mr. Bowers was paid in the present market for doing what he liked to do, for being able to go to work and work with his hands and get this money and take it home and give it to his wife and

1. True, Dr. Taylor testified that if the plaintiff had come to him earlier, he might have been able to cure the causalgia by conservative means. But plaintiff slowly improved over the latter part of the three year period before his operation and while a normal person might have consulted a doctor because of the slowness of recovery, he was not obligated to. He had originally been treated 23 times for this injury. It is extremely doubtful if the defendant could have made a successful defense on this ground. No charge was asked on this point. Under this set of facts the law is contrary to the defendant's position. 25 C.J.S. Damages § 36b et seq., Graboski v. New Castle Leather Co., 6 Pennewill, Del., 145, 64 A. 74. More importantly, *this has nothing to do with the real point* because Dr. Taylor testified clearly that the causalgia was the direct result of the accident.

support his children and walk down the street proudly as a man, as a man who was doing what a man should do. Now, I can't tell you what Mr. Bowers should be paid per hour, per day, per week, per month, for doing something that he doesn't like to do, for going through pain, going through suffering, but just consider what he did get paid for doing what he wanted to do."

The defendant contends that it is improper to attempt to relate damages for pain and suffering to any fixed formula and that in suggesting to the jury that the plaintiff's pain and suffering was worth at least $2.77 per hour, there was such substantial prejudice, as, without more, to justify a new trial. The Supreme Courts of Delaware, Pennsylvania and New Jersey support this contention. Henne v. Balick, Del., 146 A.2d 394; Botta v. Brunner, 26 N.J. 82, 138 A.2d 713, 60 A.L.R.2d 1331; Joyce v. Smith, 269 Pa. 439, 112 A. 549. But this cause of action was created by a federal statute and is to be governed by federal, not state, decisions. Moore's Commentary on the U. S. Judicial Code, P. 340 et seq.; Dice v. Akron C. & Y. R. Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398; Garrett v. Faust, 3 Cir., 183 F.2d 625. No federal decisions have been cited bearing directly on this point in cases arising under federal law. A motion for new trial is normally subject to the discretion of the trial judge. To grant a new trial under the theory of the cases just cited would not only result in my establishing an important question of policy heretofore not considered by my own or any other Circuit but also in surrendering any discretion which a trial judge normally exercises over such a motion.[2] To deny a new trial would result, as it normally should, in forcing the loser below to assume the burden of the appeal, a particularly proper result here where the verdict was not only fair but also clearly supported by the evidence

both as to liability as well as damages. Compare 66 C.J.S. New Trial § 36, p. 129 and Imperial Oil Limited v. Drlik, 6 Cir., 234 F.2d 4, where the Court upheld a verdict of a trial judge in a non-jury case based on a fixed number of dollars per day.

For these reasons, defendant's motion will be denied.

---

2. For instance, suppose the verdict had been only $2500, clearly a low figure. Should not the trial judge consider this fact on defendant's motion for new trial on the ground that the remarks were prejudicial?